# Morgan Lewis

**MEMO ENDORSED**

**Thomas A. Linthorst**
+1.609.919.6642
thomas.linthorst@morganlewis.com

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 5/10/2022

May 9, 2022

The Honorable United States District Judge Valerie E. Caproni
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Re:   <u>Tzvi Klein, and all others similarly situated, vs. Phyton Talent Advisers, LLC and Societe Generale Americas, Case No. 1:21-cv-9248</u>

Dear Judge Caproni:

We represent Defendant Societe Generale Americas (Societe Generale), and write on behalf of all Parties in the above-referenced matter. We respectfully submit this letter regarding the method and proposed schedule for the resolution of this matter.

In this case, Plaintiff Tzvi Klein asserts claims for religious discrimination and whistleblower retaliation under New Jersey law, and claims for overtime under the Fair Labor Standards Act (FLSA) and New Jersey law. On March 9, 2022, the Parties participated in the Southern District of New York's mediation program and reached an agreement on all issues. Dkt. 37. On March 11, 2022, Your Honor entered an Order requiring that if the Parties wished to dismiss Plaintiff's FLSA claims with prejudice that the Parties move for approval of the settlement of Plaintiff's FLSA claims by April 11, 2022. Dkt. 37. On April 11, 2022, at the Parties' request, Your Honor extended that deadline until May 11, 2022.

We write now to update the Court that the Parties plan to resolve Plaintiff's FLSA claims via a Fed. R. Civ. P. 68 Offer of Judgment, which does not require Court approval. *See Yu v. Hasaki Restaurant*, 944 F.3d 395, 411 (2d. Cir. 2019) ("[T]he FLSA does not require judicial approval of Rule 68(a) offers of judgment, we decline to extend *Cheeks*' judicial approval requirement to that context."). In particular, Defendants plan to make an offer of judgment to Plaintiff in complete resolution of Plaintiff's FLSA claims. Following acceptance of the Offer of Judgment by Plaintiff and entry of that Offer of Judgment by the Court, the Parties then intend to dismiss the remaining non-FLSA claims in this Action with prejudice pursuant to Fed. R. Civ. P. 41(a)(1)(i) pursuant to a private settlement agreement. This separate agreement would <u>not</u> include a release of FLSA claims and, therefore, does not require Court approval. A private non-FLSA settlement agreement is particularly

**Morgan, Lewis & Bockius** LLP

502 Carnegie Center
Princeton, NJ  08540-6241         📞 +1.609.919.6600
United States                     📠 +1.609.919.6701

A Pennsylvania Limited Liability Partnership | Terry D. Johsnon, Partner-in-Charge

The Honorable Valerie E. Caproni, U.S.D.J.
May 9, 2022
Page 2

appropriate in this case given that Plaintiff has brought claims of religious discrimination and whistleblower retaliation in addition to his Wage & Hour claims.

If the Court wishes, the Parties are available for a telephonic conference with Your Honor to discuss this process at a date and time that is convenient to the Court.

In light of the foregoing, the Parties respectfully request that the May 11, 2022 deadline to request approval of the settlement of Plaintiff's FLSA claims be adjourned *sine die* and that the Court allow the Parties until June 1, 2022 to submit the aforementioned Rule 68 Offer of Judgment to the Court. We thank the Court in advance for its consideration.

Respectfully Submitted,

/s/Thomas A. Linthorst

Thomas A. Linthorst


TAL/fa

---

Application GRANTED. The parties must file the Rule 68 Offer of Judgment by no later than **June 1, 2022.** All previously scheduled conferences and other deadlines are hereby CANCELLED.

The non-FLSA claims are hereby DISMISSED with prejudice and without costs (including attorneys' fees) to either party. If the parties wish for the Court to retain jurisdiction to enforce their settlement agreement, they must submit within the same 30-day period: (1) their settlement agreement to the Court in accordance with Rule 7.A of the Court's Individual Practices and (2) a request that the Court issue an order expressly retaining jurisdiction to enforce the settlement agreement. *See Hendrickson v. United States*, 791 F.3d 354 (2d Cir. 2015).

SO ORDERED.

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE       Date: 5/10/2022